

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| RONALD THOMPSON, individually and d/b/a FORESTRY CONTRACTORS, ET AL. | CIVIL ACTION |
| VERSUS | NO: 02:02-571 |
| L.S. WOMACK, INC., ET AL. | JUDGE STANWOOD R. DUVAL, JR. MAGISTRATE JUDGE WILKINSON EDLA |

### ORDER AND REASONS

Before the Court is a Motion to Amend Judgment (Doc. 184/185) filed by Ronald Thompson ("Thompson" or "plaintiff") and First National Bank ("Intervenor")wherein they seek to amend the judgment entered in this cause to include prejudgment interest on the award and attorney's fees. Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court is prepared to render its decision on that motion.

In addition, before the Court is a Motion to Intervene for Limited Purpose of Asserting right to Attorney Fees and Enforcement of Lien fo Attorneys' Fees and Expenses. This motion will be granted in so far as the intervention of Armstrong Allen, PLC for Christopher Slop shall be allowed; however, the motion is referred to Magistrate Judge Joseph C. Wilkinson, Jr. for determination of

the proper amount of attorneys' fees and the priority of any lien pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B) consistent with the findings herein.

### Background and Timeliness of Motion

This case came to trial with a jury verdict being rendered on February 24, 2005. A "Final Judgment" was signed on March 11, 2005 and entered on March 14, 2005. In that order, the Court stated that "the amount of attorney's fees plaintiff and intervenor are entitled to recover, the amount of any prejudgment interest to be added to this judgment, and any other issues carried forward from the trial would be dealt with by the Court upon properly filed and noticed post-trial motions."

Motion of Defendants for Judgment as a Matter of Law Pursuant to Rule 50(B), in the Alternative Motion for New Trial or Remittur Pursuant to Rule 59 was filed by L.S. Womack, Inc. ("Womack") and St. Paul Fire and Marine Insurance Company ("St. Paul") (Doc. 182) on March 23, 2005. In written reasons, the Court denied most of the relief sought; however, it granted a conditional new trial on the issue of damages in the event that plaintiff did not consent to remittitur to the breach of contract damages in excess of $87,847.49. (Doc. 198) Plaintiff accepted the remittitur on July 12, 2005. (Doc. 199).

On March 24, 2005, the instant Motion to Amend Judgment was filed by Thompson and the First National Bank (referred to collectively as "plaintiffs" using the Court's ECF system. Plaintiffs received an electronic verification that the motion had been received on March 24, 2005 at 12:56 p.m. For some reason, the motion proper was not actually received by the Court, rather only the documents attached thereto were docketed. Subsequently, after notifying plaintiffs that the actual

motion had not been received, another copy was apparently sent by plaintiffs and docketed on March 29, 2005.

Womack and St. Paul (collectively referred to as "defendants") first opposed the subject motion on the basis of timeliness. Considering the above-circumstances, the Court will not penalize plaintiffs for an electronic anomaly that was apparently in no way attributable to plaintiffs particularly in light of the electronic notification received.

**Motion to Amend Judgment**

Specifically plaintiffs in the Motion to Amend Judgment seek:

1. prejudgment interest from the date of the breach of the contract at issue herein;
2. prejudgment interest on the amount received as quantum meruit;
3. prejudgment interest to be compounded;
4. attorneys' fees on all claims–both contractual and quantum meruit.

The Court will first rule on the issues concerning prejudgment interest and the method by which it will be calculated. It will then address attorneys fees.

**Prejudgment Interest**

**Contract Claim**

Under the law of Mississippi, a prevailing party may be awarded prejudgment interest in a breach of contract suit. In order to obtain such an award, a party must make a proper demand for the interest in the pleadings including the date that it was allegedly due.

3

In *Moeller v. American Guarantee and Liability Ins.*, 707 So.2d 1062, 1068 (Miss. 1996), the Supreme Court for the State of Mississippi stated:

> Mississippi recognizes judicial authority to award prejudgment interest to a prevailing party in a breach of contract suit. Prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or when the denial of a claim is frivolous or in bad faith. No award of prejudgment interest is allowed where the principal amount has not been fixed prior to judgment. Prejudgment interest is not imposed as a penalty for wrong doing; it is allowed as compensation for the detention of money overdue. For prejudgment interest to be awarded, the party must make a proper demand for the interest in the pleadings, including the date that it was allegedly due.
>
> [T]o be entitled to prejudgment interest, they must meet several requirements. First, the claim for damages must be liquidated or the denial of the claim ... must have been frivolous or in bad faith. Second, the pleadings must reflect a request for prejudgment interest. *Preferred Risk Mut. Ins. Co. v. Johnson*, 730 So.2d 574, 577 (Miss.1998) (citations omitted). "An award of prejudgment interest is reviewed for abuse of discretion." *Theobald v. Nosser*, 784 So.2d 142, 145 (Miss.2001)(citing *Aetna Cas. & Sur. Co. v. Doleac Elec. Co.*, 471 So.2d 325, 331 (Miss.1985)).

*Id.*

Moreover, in *Sentinel Industrial Contracting Corp. v. Kimmins Indus. Serv. Corp.*, 743 So.2d 954 (Miss. 1999), the Mississippi supreme court stated:

> "Mississippi has long held that the prevailing party in a breach of contract suit is entitled to have added legal interest on the sum recovered computed from the date of the breach of the contract to the date of the decree." *Stockett v. Exxon Corp.*, 312 So.2d 709, 712 (Miss. 1975). . . . We have also held that prejudgment interest may be awarded even when the amount of damages is in dispute. *Preferred Risk Mut. Ins. Co. v. Johnson*, 730 So.2d 574, 577 (Miss.1998).

*Id.* at 971.

Plaintiffs clearly raised the issue of pre-judgment interest in the pleadings in this matter and with some detail in the pretrial order. Although the precise date from which the interest would run is not specifically set forth, it has been the law in Mississippi that pre-judgment interest may be

awarded in a breach of contract suit from the date of the breach. The Court is of the opinion that the issue of prejudgment interest was sufficiently raised. In addition, the amount awarded was liquidated in accordance with Mississippi law.

In *Moeller*, the court held that damages are "liquidated" when set or determined by contract when a breach occurs. "Unliquidated" damages cannot be determined by a fixed formula and are left to the discretion of the trier of fact. Here the damages awarded for breach of contract were calculable based on the terms of the contract at issue and therefore liquidated. Additionally, the jury found the defendant guilty of behavior that is tantamount for an award of punitive damages. Accordingly, pre-judgment interest will be awarded on the award of $87,847.49 from June 17, 2002, the date specific demand was made in a letter from counsel for plaintiff to Mr. Womack, until the date that Final Judgment was entered on March 14, 2005.

The surety St. Paul is also liable for prejudgment interest on the contract award even though it has been stipulated that the Surety is not in bad faith. As stated, the amount was liquidated and demand was made in the letter of June 17, 2002, to the principal. The Court has been provided with no law to the effect that a surety would be relieved from prejudgment interest under these circumstances.

**Rate of Interest**

Mississippi law provides that "The rate of legal interest on . . . contracts shall be 8% per annum calculated according to the actuarial method . . . ." Miss. Code Ann. 75-17-1(1) (Rev. 2000). *Baxter v. Shaw Assoc., Inc.*, 797 So.2d 396 (Ct. App. Miss. 2001). In *Baxter* the Court held that the

above-referenced statute requires that interest be compounded annually citing *Stovall v. Illinois Central Gulf R.R. Co.*, 722 F.2d 190, 192 (5th Cir. 1984). Therefore, the prejudgment interest awarded shall be compounded annually from June 17, 2002, until the date of judgment, March 14, 2005.

### Quantum Meruit

Generally, a suit based on quantum meruit precludes recovery of pre-judgment interest and attorneys' fees. *Stanton & Assoc., Inc. v. Bryant Contr. Co.*, 464 So.2d 499, 502 (Miss. 1985). *See also, Southland Enterprises, Inc. v. Newton County., Miss.*, 838 So.2d 286, 291 (Miss. 2003). Womack adamantly disputed the right of plaintiff recover any amount under quantum meruit, and the amount was certainly not fixed or readily calculable. Although there was a finding of bad faith by the jury, the Court will exercise its discretion and not award prejudgment interest on the quantum meruit award.

### Attorneys' Fees

It is clear under Mississippi law, attorneys' fees are not to be awarded unless a statute or other authority provides. *Sentinel*, 743 So.2d at 971. *Sentinal* also holds that in breach of contract cases, attorneys' fees are generally not awarded absent provision for such in the contract or a finding of conduct so outrageous as to support an award of punitive damages. There is no statutory provision or contractual provision that provides for attorneys' fees in this case; however, the jury found that Womack acted with actual malice or gross negligence which evidenced a willful, wanton

or reckless disregard for Thompson's right to payment. Although punitive damages were not at issue before the jury, this finding is tantamount to conduct which would allow an award for punitive damages. Therefore, attorneys' fees will be awarded as to the breach of contract claim. This award shall not apply to the surety as the bad faith claim against it was dismissed by stipulation. Moreover, the Court will not award attorneys' fees as to the quantum meruit claim pursuant to *Southland Enterprises, Inc.*, 838 So.2d at 291. Accordingly,

**IT IS ORDERED** that the Motion to Amend Judgment (Doc. 184/185) is **GRANTED** in so far as prejudgment interest shall be awarded on the contract award of $87,847.49 and attorneys' fees in so far as they relate to the contract award, and is **DENIED** in all other respects. The prejudgment interest shall be calculated at 8% interest compounded annually from June 17, 2002, until March 14, 2005.

**IT IS FURTHER ORDERED** that the Motion to Intervene for Limited Purpose of Asserting right to Attorney Fees and Enforcement of Lien fo Attorneys' Fees and Expenses is **GRANTED** in so far as the intervention of Armstrong Allen, PLLC for Chris Sollop is allowed and is **REFERRED** to Magistrate Judge Joseph C. Wilkinson, Jr. for determination of the amount of attorneys' fees and the priority of any lien pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B) consistent with the other findings of this order.

Houma, Louisiana, this ___ day of November, 2005.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE